Haupt *vs.* Mills and Harmon.

---

No. 58.—HENRY HAUPT, plaintiff in error, *vs.* CHARLES F. MILLS and ABRAHAM HARMON, Adm'rs of Adam Cope, deceased, defendants in error.

[1.] In an action for contribution, the record of the entire proceeding, which is the basis of the suit, must be introduced, unless it appear from the testimony in the case, that the recovery was in contract.

Assumpsit, in Chatham Superior Court, tried before Judge FLEMING, at January Term, 1848.

A full statement of the facts in the cause, is embodied in the opinion of the Court.

JACKSON & LAWTON, for plaintiff in error.

R. M. CHARLTON, for defendants.

Argument of JACKSON & LAWTON, for plaintiff.

The legal questions, presented by the Bill of Exceptions in this case, are four in number, each distinct from the other.

1st. Should the *fi. fa.*, issued out of the Superior Court of Chatham County against Adam Cope and Henry Haupt *jointly*, under which the property of Henry Haupt had been levied on, and which had been paid in full by Henry Haupt *alone*, have been admitted in evidence in that Court, to show by what authority Henry Haupt paid a debt of Adam Cope? This is the simple question raised by the first objection to the decision of his Honor in the Court below. The action was for money paid out and expended for Adam Cope, by Henry Haupt. Had Henry Haupt, the 'plaintiff, any *authority* to pay this money for Adam Cope, the defendant, and thus bring Adam Cope in debt to the plaintiff? Did he *actually pay* this money? To answer these two questions, and thus make out a *prima facie* case for the plaintiff, this *fi. fa.* was offered in evidence—a levy under it and a payment in full of it by Henry Haupt, being proved. Is it not taken for granted, until the contrary is *proved*, that this *fi. fa.*, with the seal of the Court attached, was regularly issued—that there was a good subsisting judgment or decree in Court, upon which it was founded, and that this judgment or decree fixed a joint liability upon Adam Cope and Henry Haupt? If so, then the *fact* of payment of the debt of Adam Cope by Henry Haupt, and the *authority* of Henry Haupt to pay this debt, are both clearly made out by this *fi. fa.* and proof, and ought it not to have been admitted in evidence *by itself*, taking for granted the regularity and correctness of the previous proceedings in the case? Invariable practice has certainly established the right to introduce the *fi. fa.* alone.

2d. Is not the *decree* rendered in the case of *Henry Stiles Bell, et al. vs. Adam Cope and Henry Haupt*, sufficient evidence of the decision and finding of the Court and jury, which fixed a joint liability upon Adam Cope and Henry Haupt, without introducing

any of the previous proceedings in that case ?    The object of the plaintiff was not to show, that a final settlement of the affairs of the estate of Christian Gugle had been effected by this decree, but simply to show that they, Adam Cope and Henry Haupt, had been *decreed to pay a certain sum of money*, which he shows by other testimony that he, Henry Haupt, *alone* was compelled to pay in full.    We wished to make out a *prima facie* case of a right to contribution in Henry Haupt, which it was incumbent on Adam Cope to explain away, by referring to the previous proceedings which resulted in this decree, if such explanation could be found in those proceedings, and if not, by other evidence.    When the plaintiff, Henry Haupt, showed that this decree made Adam Cope jointly liable with him to pay a certain sum of money, which sum of money he, Henry Haupt, had paid in full, he had made out his case, *prima facie*, and there his duty ceased.    On no principle of the law of evidence ought he to have been *forced* to introduce more of the record of the Equity cause, than was pertinent to the simple issue before the Court in this case, and thus make evidence for the defendant.    The right of the defendant in this case, to introduce testimony to show that his intestate's original liability to the complainants in the Equity cause was the liability of a *security*, or any liability *secondary* to that of Henry Haupt, is clear. '  He might have shown, by any testimony which would have been competent, that Henry Haupt was *first* liable, and if he could not respond, then only was Adam Cope liable—unless this question had been *settled* by the decree in the Equity cause. But this was clearly the duty of the *defendant*.    The plaintiff's duty stopped with the introduction of the decree, by which a joint liability was fixed upon them.    If the defendant wished to show that the proceedings which resulted in that decree were irregular—that the decree was obtained by fraud—that the liability which *appears* to be fixed upon the plaintiff and defendant's intestate, was really not a joint liability, or any other fact calculated to vitiate or explain away the language of that decree, it was his right and duty to have done so; but no obligation rested on the plaintiff to exercise this right, or to perform this duty for him.

A decree or judgment is sufficient *by itself* to establish the *fact* that it was rendered, when it is not introduced as *an adjudication*

*upon the subject matter.* This general rule is laid down. 1 *Green-leaf on Evidence, see* 511, *referring to* 4 *Comyn's Dig.* 89.

Same rule in 1 *Starkie,* 254, refers to same authority. In *Jones vs. Randall, Cowper,* 17, in a question whether a decree had been rendered in a Court of Chancery and reversed by the House of Lords, the Court say, "proof of the *decree* and its reversal, is suf-ficient without proof of the previous proceedings." In 34 *Eng. Com. Law Rep., Layburn et al., vs. Crisp et al.,* the Court de-cides that *if the decree is evidence upon the face of it,* the deposi-tions—a part of the proceedings in the case—need not be intro-duced. In the case now before the Court, the decree has all that is necessary to show that Henry Haupt and Adam Cope, were *jointly* liable for a certain sum. And herein a decree in Chance-ry differs materially from a judgment at Law. A judgment at Law is a formal recovery of a certain sum, or a certain piece of property, by one or more persons, against one or more persons. Generally, nothing more is stated in the judgment. A decree in Chancery is not so formal. All the facts of the case may be there recited, and the relative liabilities of all the parties definitely sta-ted and fixed. In the decree now the subject of discussion, the jury not only say, "we decree that the complainants recover from the defendants the sum of, &c.," but after entering into numer-ous details, nearly at the close of the decree, they say, (in one en-tire sentence,) "*We further decree that the defendants, Adam Cope and Henry Haupt, shall be liable for this decree.*" The jury in the wording of their decree have left no room for doubt of the joint liability, and the plaintiff should not have been compelled to go behind this decree for the benefit of the defendants. Nowhere in this country can a case be found, where a judgment alone has been held to be insufficient, without the production of the previ-ous proceedings. In *Rathbone vs. Rathbone,* 10 *Pick.* 1, the question was distinctly raised, and the Court decided that an ex-emplification of the judgment alone, without the previous pro-ceedings, was sufficient. In 2 *Johnson,* 281, the original decree in Chancery alone, was held to be sufficient.

3d. The principle that the answer of a defendant in Equity is not evidence against his co-defendant, is so plain and universally admitted, that it is unnecessary to argue it or to do more than re-fer to an elementary work where it is laid down. *Gresley Eq. Ev.* 24. The answer of Adam Cope was *testimony for the com-*

*plainant* in the Equity cause, because it contained defendant's admissions. It was *testimony for the defendant*, because it was called for by the complainants, and they could not dispute it. *Greenleaf on Ev., sec.* 202, 260, 351. How stands it in this suit at Law between Henry Haupt and Adam Cope ? This answer has never been invoked by Henry Haupt in this case, or any other case, and if he was not bound by its statement in a suit in Equity where both were defendants, and in a measure interested *together*, *a fortiori* he is not bound by those statements in a suit at law where their interests are *directly opposed* to each other. It is difficult to find authorities direct to this point, for such use of an answer in Chancery was probably never before attempted in a Court of Law.

4th. But suppose the whole record in evidence, and properly before the Court. How was the jury to commence their investigations into the plaintiff's right to contribution ? Most assuredly they were to take that right as at least *apparently settled* by the decree in the previous Equity cause. They were to look into the testimony, with the fact before them that the introduction of the *decree* had made out a *prima facie* case for the plaintiff of a right to contribution, *which gave him a right to a verdict*, until testimony in favor of the defendant had rebutted this presumption. And yet his Honor charged the reverse of this, " that the fact that a decree had been rendered against the plaintiff and defendant *jointly* did not give the plaintiff even a *prima facie* right to contribution," he having paid the whole amount of that decree. In *Dent vs. King & Coombs*, 1 *Kelly*, 303, the Supreme Court distinctly say, that the law gives the plaintiff a right to contribution after he has paid the whole demand. The whole law in reference to the *conclusiveness of judgments*, must be done away with, before language as plain as that used in this decree, can require any additional evidence to support the plaintiff's claim— until suspicion has been thrown upon it by the defendant.

It has been, and may in this Court, be suggested that this decree was not rendered in an action *ex contractu*, but in *tort*. This may be answered in the language of the Master of the Rolls in *Lingard vs. Bromley*, 1 *Vesey & Beames*, 114. That was a suit for contribution by one trustee against another, where a loss had occurred by their mismanagement of their trust, and one had paid the entire loss. On the objection being raised that the

Haupt *vs.* Mills and Harmon.

liability was *ex delicto*, the Master of the Rolls said, "that it could not be, unless every refusal to comply with a legal obligation makes a party guilty of a *delictum*." In that case, the defence was set up, that the trustee who had paid the entire loss, had agreed to be responsible, if he was allowed to manage the trust according to his judgment; and therefore the other trustee ought not to contribute. But the Court said, "the defence is of a kind which a Court of justice is very unwilling to listen to : that having undertaken a trust, they abdicated all judgment of their own in the performance of it; and did whatever the plaintiff desired, "without examining," (as they say in so many words,) "into the matter or ground of the proceedings. "Nothing could be more mischievous than to hold that trustees may thus act, and avoid responsibility by throwing the burthen upon the person in whom they have reposed this blind confidence." 1 *Vesey & Beames*, 116. That case was a much strong erone in favor of the defendant than this. *There* the party who had paid had really brought on the loss. *Here* the party who has paid, the plaintiff, seems to have been decreed to pay because the other party, defendant's intestate, *the true administrator*, had made no returns to the Court of Ordinary, and taken no care of the estate. And the Master's report fixed the liability, upon an estimate of what the property *ought to have yielded* annually. Had the *administrator* done his duty, this difficulty never could have occurred. Haupt never administered. The plaintiff's case, therefore, has merit in it, and he must recover, if *proper* testimony only is before the jury. We call upon this tribunal to withdraw all testimony which is not proper, and to revise the instructions of his Honor to the jury.

Argument of ROBERT M. CHARLTON, for defendants in error.

1st. The first exception, relates to the refusal of the presiding Judge to allow the execution of *Henry S. Bell, et al. vs. Adam Cope and Henry Haupt*, to be used in evidence, without introducing the decree upon which such execution issued. That a Common Law execution could not be so used in a case like this, without proof of the judgment, is too clear a principle to admit of argument, or to require authority, and I therefore forbear. I remark only, that the Equity rule allowing executions to be issued

upon a verdict, "as if the cause had been decided at Common Law," gives such executions no greater effect or power, than executions issuing upon a Common Law judgment, and therefore, that the rule already cited must prevail.

2nd.  The second exception alleges, that there was error in the refusal of the Circuit Judge, to permit the decree to be read in evidence, for the purposes of this case, without introducing the entire record of the cause in which it was rendered.  We contend that the Judge was right, both upon principle and authority.

It is laid down in the very authorities to which the plaintiff's counsel refer, that " the general rule is, that where a party intends to avail himself of a decree, *as an adjudication upon the subject matter*, and not merely to prove collaterally that the decree was made, he must show the proceedings upon which the decree was founded.    The whole record, says Chief Baron Comyn, which concerns the matter in question, ought to be produced." 1 *Greenleaf on Evidence, section* 511.  4 *Comyn's Dig.*, 89, *title Evidence, A.* 4, *New York edition of* 1826, *title Testmoigne, A.* 4, *Vol. 7th.*  1 *Phillips on Evidence,* 392, 393.  *Gresley's Eq. Evidence,* 109, 110.

The exception to this rule is, that were the decree is not sought to be offered as an adjudication upon the subject matter between the parties, but merely as proof of the fact that such a decree was made, here, as in the case of verdicts, no proof of any other proceeding is required.  *See the authorities above cited, and Jones vs. Randall, Cowp.* 17.    This last case was an action upon a wager whether a certain decree of the Courts of Chancery would be reversed in the House of Lords.   A verdict was rendered for the plaintiff, and a new trial moved for, upon the ground(*inter alia,*) that the *decree* of reversal, without any of the previous proceedings, had been admitted in evidence.    But the Court held, that as to the previous proceedings, there was no necessity to show them, for the single fact in issue was, " whether the decree of the Court of Chancery was reversed," not what the previous proceedings were ;  and therefore, proof of the *decree,* and of its being *reversed,* was clearly sufficient.

In our case, the plaintiff offered the decree, not merely to shew the *res ipsa,* but as an adjudication which he insisted was to bind

us. Surely the difference between this case, and the case in Cowper, must be apparent !

In England the question is of very little practical importance, because there, the decree usually recites the substance of the bill, the answer, the pleadings and depositions, upon which the decree was founded. When it does this, it becomes more a question of form than otherwise, whether any other proceedings shall be introduced. *Gresley's Eq. Evidence*, 110 *note H. 7 Comyn's Digest, title Testmoigne, C.* 1.

But in our State, the decree merely states the finding of the jury; and the proceedings upon which it was founded, ought to appear. Some of the authorities which the plaintiff invokes, say that the defendant might have introduced the whole record, and this Court will scarcely send this case back upon a point of etiquette. It becomes then a mere question of form, for the plaintiff's authorities concede that we had the right to do it. What difference does it make by whom it was put in ? Would not the result be the same ? See the case cited by my adversaries in 10 *Pickering*, 1, and note that that was an action between the same parties, as plaintiff and defendant.

3d. When the plaintiff's counsel were compelled, by the decision of the Circuit Judge, to introduce the whole record, they insisted that they were introduced *merely* to show that the proceedings in said case were regular, and the decree regularly obtained ; and that they were proof of nothing contained in them ; but this the Court negatived, and the plaintiff's counsel excepted, and now take as their third exception, " that the Judge decided, that the answer of a defendant in Equity can be read in evidence touching its subject matter, against his co-defendant, in a suit at Law afterwards brought by said co-defendant against him." The presiding Judge protests that his decision is not open to such an inference, and I am sure that it is not.

We must remember, that the plaintiff had brought an action of assumpsit against us, assuming that he had paid money for us, which, *ex equo et bono*, we were bound to refund. To prove this, he introduced a decree obtained against both him and ourselves by a third person, which decree he had paid. The Judge held that the answers of all the parties in the former suit were not merely pleadings, but *evidence* in that former cause, and as it was proved that no other evidence had been given in that cause, the

Haupt *vs.* Mills and Harmon.

answers, of course, must have been alone the proof upon which the decree proceeded, and therefore must be considered as evidence in this cause, because the former decree was but the basis of this claim ; and it was necessary for the present jury, therefore, to ascertain from the facts of the former cause whether there was any justice in this claim.    To say that by the decision of the Judge, the answer of Adam Cope was now used as evidence for him, puts the matter in a plausible view, but the plaintiff's counsel surely forget that the same decision which allowed Adam Cope's answer to be read in this cause, also allowed Henry Haupt's own answer to be read ; and we might as well complain of the decision, that it allowed the plaintiff's own answer to be introduced and read by him in support of this cause.    The decision is not liable to either objection.    The former decree was based entirely upon all these answers ; and as the plaintiff claimed to make us liable for money paid under that decree, it was certainly proper that the evidence upon which that decree had been obtained, should be shown.

But if I was right in saying that the decree alone was not competent evidence, without the antecedent proceeding, that settles the question we are now discussing ; for no such limitation can be found in the books, that the papers which a plaintiff puts in evidence, can be used by him merely to show that such papers exist, but his adversary cannot read or comment upon them.    The science of law is too far advanced to maintain successfully such a position, and I will not labor it further.

4th.    The remaining exception, is, because the Judge below charged the Jury that the fact that this decree was rendered, and the money therein specified paid in full by the plaintiff, would not furnish *prima facie* evidence of a right in him to contribution from Adam Cope, " *if the Jury should believe, from the facts disclosed in the record, that the joint decree against both, was for a waste committed by the plaintiff, or his wife.*"

By a careful examination of the facts in this case, it will clearly appear that the direction of the Judge was correct.

The original decree of *Bell vs. Cope & Haupt*, was obtained upon a bill brought by the guardian of two of the grand-children of Christian Gugle, which bill charged Henry Haupt with having improperly used his information and position, as the legal representative of Christian Gugle's estate, and unfairly purchasing

from the guardian of those minor grand-children (the children of John M. Gugle, the eldest son,) of Christian Gugle, a portion of said estate, which he then had in his possession. The primary object of the bill was directed against Henry Haupt, and sought to enjoin him from proceeding with his suit, upon the bond given to him by the guardian of the minor grand-children, to make him legal titles, and to cancel said bond. Incidentally to this, the guardian of these minors prayed an account of the estate of Christian Gugle from said Henry Haupt, and from Mrs. Haupt, his wife, and from Adam Cope—the said Adam Cope and Mrs. Haupt having been, originally, the administrators of Christian Gugle's estate.

Henry Haupt answered, admitting the purchase, but denying its unfairness, and also denying that he had intermeddled with such estate, until he purchased it from the heirs, affirming that his wife and Adam Cope had alone managed it.

Adam Cope answered, that he had administered solely for the benefit of his neice, (now Mrs. Haupt,) *that all the money he had received, he had paid over to her,* and that he had personally received no benefit from the estate, in commission or in any other way.

Mrs. Haupt answered, admitting that she had administered, confessing that both before and after her marriage with Henry Haupt, she had received the rents and profits of Christian Gugle's estate, and the proceeds of the negro sold; and affirming that Adam Cope had acted altogether for her benefit, and without emolument, commissions or benefit to himself.

Both Mr. and Mrs. Haupt declared that they had spent large sums for the maintenance of the *three minor children* of Christian Gugle, but as it was not pretended that any of these sums were spent for the benefit of the two minor *grand-children* of Christian Gugle, or of their father, John M. Gugle, (who was the eldest and the adult son of Christian Gugle, at the time of the death of Christian,) it is very clear that this expenditure was no answer to the claim of the minor grand-children.

Now, if we apply the principles of law to these facts, we will see why both Henry Haupt and Adam Cope were made liable to the complainant grand-children by the decree of the Jury.

Henry Haupt was made liable, 1st. Because of his own acts. He had made what the Jury considered an unfair purchase, and

had thus obtained a portion of Christian Gugle's estate, without legal authority, and by these means became an *executor de son tort.* The very decree of the Jury declares, that the complainant should recover one-fifth of the property belonging to the estate of Christian Gugle, *now in the possession of Henry Haupt.* But again—he had become the administrator of Christian Gugle's estate, by his intermarriage with the administratrix, and widow of Christian Gugle. 2 *Williams on Executors,* 697. Our statute of 1828, *(Prince, 252,)* which changed the Common Law in this respect, could not retroact to 1816, when this intermarriage took place. That this was the view Henry Haupt himself took of the matter, will appear by looking to exhibit B, of complainant's bill, wherein Haupt applies to the Court of Ordinary for leave to sell a negro man slave belonging to Christian Gugle's estate, and styles himself *administrator.*

But 2ndly. He was made liable for the acts of his wife, who was administratrix. Our forefathers may have labored under a melancholy perversion of judgment, in making the husband liable for the acts of his wife, both before and after their marriage—the latter, under the *presumption* of coercion! But such is, nevertheless, the *law.*

Henry Haupt was liable for the acts of Mrs. Haupt, while she was widow and administratrix of Christian Gugle. 2 *Williams on Executors,* 1305. And for her waste, after his intermarriage with her. *Ibid,* 1305.

Adam Cope was made liable, not because of any actual waste by him, (for the answer denied this, and there was no evidence at all, except the answers,) but because he had allowed Mrs. Haupt to misapply the assets. He had received a portion of the assets, *and paid it over to her,* and therefore, he was made liable to the complainants. 2 *Williams on Executors,* 1293, 4, *and note,* *Sadler vs. Hobbs,* 2 *Brown's Chancery Cases,* 95, 96, *and notes to American Ed. of* 1844. *Langford vs. Gascoyne,* 11 *Vesey,* 11.

Haupt, therefore, being liable, both for his own acts and the acts of his wife, and Cope having been made liable only because he had suffered *them* to waste the estate ; *and the record disclosing this state of facts,* it would be sheer injustice to make the decree against both, even *prima facie* evidence of a right of contribution in favor of Henry Haupt against Adam Cope. The parties do not stand in *equali jure.* *Peck vs. Ellis,* 2 *John. Ch. R.*

137. The case of *Dent vs. King*, et al. 1 *Kelly*, 200, is not at all inconsistent with this decision. Indeed, the two decisions were made by the same Judge. Undoubtedly, where a judgment or decree has been obtained by one against two others, and the record shows no fact that would negative the right to contribution ; the judgment would be *prima facie* evidence of a right to contribution, because, to use the language of one of your Honors, " the record proves this;" but suppose the record proves just the reverse, would not the principle cease with the reason of it ? Suppose a note had been signed by A as principal, and B as security, payable to C, who brought a suit against both, and recovered judgment against both ; and A, the principal, having paid the whole demand, should bring the action against B, his security, for contribution, and should introduce the joint judgment as evidence ! Would the record of that joint judgment be *prima facie* evidence in favor of the right of A to recover against B, or would it not be the highest and most conclusive evidence *against* A ? It is vain to say, that a similar state of facts was not shewn in our case. We affirm that it was shewn by the very record introduced by plaintiff; but suppose it was not, that was the error of the Jury, not of the Court; and to the verdict of the Jury no exception has been taken. The charge of the Court was, "that such decree was not even *prima facie* evidence of a right in Haupt to contribution from Cope, *if the Jury should believe, from the facts disclosed in the record, that the joint decree against both was for a waste committed, either by Henry Haupt, or his wife.*" There was no error in this direction.

If his Honor, Judge Fleming, committed any error at all, it was in refusing to charge the Jury, at my request, that if the plaintiff had made out a joint waste of this estate, by both plaintiff and defendant, that this was a *tort*, and therefore an action for contribution would not lie, that right being confined by law to judgments *ex contractu*, not to *torts*. 15 *Massachusetts Rep.* 51. 1 *Pickering*, 65. 8 *Term Rep.* 186. 2 *John. Ch. Rep.* 131 .1 *Kelly's Rep.* 149, 150. *Ibid*, 203.

The case of *Lingard vs. Broomley*, 1 *Vesey and Beame*, 113, cited against us, is an isolated case, and carries the doctrine further than any other adjudication ; but it may be distinguishable from this, that there it was nothing but the nonperformance of a civil obligation, here there was actual waste by one party ; no advan-

Haupt *vs.* Mills and Harmon.

tage accrued to the plaintiff there, in the joint act; here a posi-
tive advantage accrued to the party who wasted the estate. The
distinction is very manifest—and if it is not, that decision of the
Master of the Rolls cannot beat down all authority.

I shall not labor to prove that the actual waste and mis-appro-
priation of trust funds is a *tort*—that scarcely requires an argu-
ment—and if it is, no contribution can be had from us; and for
this reason alone, we are entitled to be discharged by the Court,
" with our reasonable costs and charges, in this behalf, most wrong-
fully sustained."

*By the Court.*—LUMPKIN, J. delivering the opinion.

An action of assumpsit was brought by Henry Haupt, against
Adam Cope, in the Superior Court of Chatham County, for con-
tribution, to require of the defendant to pay to the plaintiff one
half of the amount of a decree which had been rendered against
the said Adam Cope and Henry Haupt, in said Court, and which
had been paid in full by Haupt. Pending the suit, Adam Cope
died, and his administrators, Charles F. Mills and Abraham Har-
mon, were made parties by *scire facias*, to said suit. On the tri-
al of the cause, plaintiff's counsel offered in evidence the execu-
tion which had been issued against the said Adam Cope and
Henry Haupt, founded upon the original decree obtained against
them jointly, it being admitted by defendant's attorney that the
debt had been satisfied by Haupt. The defendant's counsel ob-
jected to the introduction of the execution alone, with the proof
of payment. His Honor, Judge Fleming, excluded the testi-
mony. The decree upon which the execution issued, was then
tendered, and upon being objected to, the Court ruled that the
entire record of the cause must be introduced, which was done,
including the bill, answers exhibited, &c. in the original pro-
ceeding in Chancery. From this document, it appeared that one
Christian Gugle died in 1814, seized of a considerable real and per-
sonal estate; and leaving a widow and several children, as his next
of kin and heirs at law. Adam Cope and Frances Gugle, the
widow, administered upon the estate. It is admitted, in the an-
swer of Mrs. Haupt, formerly Frances Gugle, that Adam Cope,
her uncle, had acted altogether for her benefit, and without emol-
ument to himself—not even retaining any portion of the commis-

sion for his trouble. Frances Gugle intermarried with Henry Haupt, who thus, under the law as it then stood, (1816,) became associated with her in the administration. A bill was filed, and a decree rendered in favor of the heirs at law, or a portion of them, of Christian Gugle, against Adam Cope, Henry Haupt and Frances Haupt, to recover their distributive share of the estate of Christian Gugle. And it is upon this proceeding that the action for contribution is brought. The record was offered by plaintiff's counsel, with the reservation, that it was intended merely to show that the decree was regularly obtained. But the defendant's counsel objecting to this limitation or reservation upon the record, the Judge decided that the record might be used generally, for all purposes material to the issue; and that the separate answer of Adam Cope, to the bill filed against Henry Haupt and wife and himself, could now be used in evidence, touching the matters therein contained in the present action, inasmuch as it went to show the facts upon which the decree was rendered. It was in proof that the statements in this answer were uncontradicted on the former trial.

In submitting the case, the Court charged the Jury that the record before them was the highest evidence of the indebtedness of the defendants to the complainants, but that it was not even *prima facie* proof of the liability of Adam Cope for contribution, if they should believe, from the facts disclosed, that the joint decree against both, was for a waste committed either by Henry Haupt or his wife. The Jury returned a verdict for the defendant.

To these several decisions on the questions arising on the admissibility of the testimony, and the charge of the Judge to the Jury, the plaintiff by his counsel excepted.

[1.] Did the Court below err in requiring the plaintiff to introduce the entire record of the previous proceeding against the defendant and himself; or in holding that the answer of Adam Cope to the bill in Chancery, might be read in order to ascertain from the facts of the former cause, whether or not there was any justice in this claim for contribution; or lastly, in instructing the Jury, that the proof did not amount to a *prima facie* right of recovery, provided they were satisfied that the decree rendered in the former cause, was on account of the waste of the estate of Christian Gugle, either by Henry Haupt himself, or his wife?

We have examined the record carefully, and find no cause for

Haupt *vs.* Mills and Harmon

remanding this case. The judgment below might properly be sustained for the reasons assigned in the argument, and upon the authorities there cited. We believe it can be maintained on another ground. It is clear that co-trespassers and other joint wrong-doers, are not entitled to contribution, where one pays the whole of a judgment recovered against them. *Campbell vs. Phelps*, 1 *Pick. R.* 65. *Vose vs. Grant,* 15 *Mass.* 505. *Thweatt vs. Jones*, 1 *Rand.* 328. *Dupuy vs. Johnson*, 1 *Bibb*, 562. *Wilferd vs. Grant, Kirby,* 116. *Peck vs. Ellis,* 2 *Johns. Ch. R.* 131. It is equally well settled, that executors and administrators are not liable for waste committed by each other, unless they were knowing or assenting at the time to such devastavit or misapplication of the assets; and that merely permitting a co-representative to possess the assets, without going further and concurring in the application of them, does not render him answerable—each being answerable only for his own acts, and what he receives and applies, unless he joins in the direction and abuse of the trust fund or property. *Hargthrope vs. Milfuth, Croke Eliz.* 318. *Toller,* 472. *Bacon's Abr. Executor, &c. D.* 2 *Godolphin,* 134. *Douglass vs. Satterlee,* 11 *Johns.* 21. *Peter vs. Bunly,* 10 *Peters,* 532. 2 *Williams on Ex'rs*, 1118, *et seq.*

The decree and the execution in this case, therefore, did not necessarily raise a presumptive right of recovery against the defendant. Where the judgment which has been paid off, was founded upon contract, as was the case of *Dent vs. King,* 1 *Kelly,* 200. There its payment establishes a *prima facie* claim for contribution. In the absence of such proof, it is not, we think, exacting too much, to impose on the plaintiff the burden of producing the entire record. Haupt complains, that he has paid money for Cope, which, *ex equo et bono,* Cope was bound to refund. Let him make good his averment by the production of the record.

And while we recognize the rule in Equity, that the answer of one defendant cannot be used against his co-defendant, unless there be some privity established between them ; still, when it is recollected that the previous decree against Cope and Haupt, was based alone upon the answers of the defendants to the then bill; and that that recovery is made the sole foundation of the present action, we see no well-grounded exception to the order of the presiding Judge, allowing Cope's answer to be read, as well as the answer of Haupt, the plaintiff. There is, so far as we can

perceive, no other method of determining whether the claim now set up, is founded in justice.

But admit that the Court was at fault upon all of these points, still we should be disinclined to disturb the verdict. In an action of assumpsit for money paid, the equity of the transactions between the parties, will always be taken into consideration. *Conlon vs. Greene*, 2 *Caines*, 154. Would it be conscientious to make Adam Cope answerable to Henry Haupt, either for Haupt's own delinquencies or the defalcations of his wife, when Cope himself, as the evidence shows, had no participation in the negligence or fraud? We think not, and must, therefore, as we do, affirm the judgment of the Circuit Court.